FILED by **TM** D.C.

May 2, 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**13-80098-CR-HURLEY/HOPKINS**

Case No. _____

18 U.S.C. § 371

UNITED STATES OF AMERICA

vs.

EMILE CESAIRE,
TOYE HAWKINS, and
CHRISTOPHER RONALD AIME,

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Conspiracy to transport stolen motor vehicles in interstate and foreign commerce**
**(18 U.S.C. § 371)**

1. Beginning at a time unknown to the Grand Jury, but no later than on or about March 8, 2013 and continuing through on or about April 16, 2013, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**EMILE CESAIRE,
TOYE HAWKINS, and
CHRISTOPHER RONALD AIME,**

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury to transport in interstate and foreign commerce motor vehicles, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2312.

### Purpose of the Conspiracy

2. It was the purpose of the conspiracy for the defendants and their conspirators to unjustly enrich themselves by stealing motor vehicles, including in states other than Florida,

transporting the motor vehicles to Florida, and selling them, including to buyers whom the defendants and their conspirators believed would transport the cars out of the United States.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and their conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

3. Defendant **Christopher Ronald Aime** and other conspirators would steal motor vehicles from car dealerships located within and outside the State of Florida.

4. Defendants **Emile Cesaire** and **Toye Hawkins** would locate individuals to buy the stolen motor vehicles, including individuals whom the defendants expected to ship the motor vehicles outside the United States.

5. Defendants **Emile Cesaire, Toye Hawkins,** and **Christopher Ronald Aime** would sell the stolen motor vehicles to the buyers in the Southern District of Florida.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its objects and purpose, the conspirators committed and caused to be committed, in the Southern District of Florida, the following overt acts, among others:

6. On or about March 8, 2013, defendants **Emile Cesaire** and **Toye Hawkins** offered to sell two undercover law enforcement agents, whom the defendants believed to be brokers who purchased and sold automobiles, stolen motor vehicles.

7. On or about March 21, 2013, defendant **Toye Hawkins** told the undercover agents that Hawkins's contact was expected to obtain a Mercedes and a Range Rover in the upcoming week.

8. On or about April 10, 2013, defendant **Christopher Ronald Aime** stole the key to a Range Rover from an auto dealership.

9. On or about April 10, 2013, defendant **Toye Hawkins** e-mailed one of the undercover agents pictures of the stolen Range Rover.

10. On or about April 12, 2013, defendant **Toye Hawkins** agreed that the conspirators would sell the stolen Range Rover to the undercover agents for $6,000.

11. On or about April 16, 2013, defendant **Christopher Ronald Aime** drove the stolen Range Rover to a location at which defendants **Emile Cesaire** and **Toye Hawkins** had agreed to deliver the Range Rover to the undercover agents.

12. On or about April 16, 2013, defendants **Emile Cesaire** and **Toye Hawkins** accepted $6,500 in cash from the undercover agents as payment for the stolen Range Rover.

All in violation of Title 18, United States Code, Section 371.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| EMILE CESAIRE,<br>TOYE HAWKINS, and<br>CHRISTOPHER RONALD AIME | **CERTIFICATE OF TRIAL ATTORNEY*** |
| **Defendant.** _____/ | **Superseding Case Information:** |

**Court Division**: (Select One)

___ Miami ___ Key West
___ FTL  _X_ WPB ___ FTP

New Defendant(s)    Yes ___    No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)    _No_
   List language and/or dialect  _____

4. This case will take  _4_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                           (Check only one)

   I    0 to 5 days        _X_          Petty      ___
   II   6 to 10 days       ___          Minor      ___
   III  11 to 20 days      ___          Misdem.    ___
   IV   21 to 60 days      ___          Felony     _X_
   V    61 days and over   ___

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)   _Yes_
   If yes:
   Magistrate Case No.                 13-8205-WM
   Related Miscellaneous numbers:      None
   Defendant(s) in federal custody as of   April 16, 2013
   Defendant(s) in state custody as of     _____
   Rule 20 from the   _____    District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

*/s/ Marc Osborne*

_____
MARC OSBORNE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500796

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name:   **EMILE CESAIRE**

Case No: _____

**Count: 1**

Conspiracy to transport stolen motor vehicles in interstate and foreign commerce

18 U.S.C. 371 and 2312

\* **Max. Penalty:**   five years' imprisonment, $250,000 fine, three years' supervised release and restitution

---

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: __TOYE HAWKINS__

Case No: _____

**Count: 1**

Conspiracy to transport stolen motor vehicles in interstate and foreign commerce

18 U.S.C. 371 and 2312

**\* Max.Penalty:** five years' imprisonment, $250,000 fine, three years' supervised release and restitution

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   **CHRISTOPHER RONALD AIME**

**Case No:** _____

**Count: 1**

Conspiracy to transport stolen motor vehicles in interstate and foreign commerce

18 U.S.C. 371 and 2312

**\* Max. Penalty:**   five years' imprisonment, $250,000 fine, three years' supervised release and restitution

---

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**